BAKER, MANOCK & JENSEN
A PROFESSIONAL CORPORATION
FIG GARDEN FINANCIAL CENTER
5260 NORTH PALM AVENUE, FOURTH FLOOR
FRESNO, CALIFORNIA 93704-2209
TELEPHONE (559) 432-5400
TELECOPIER (559) 432-5620

LODGED SEP 2 1 2005
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

FILED 2005 SEP 22 A 9: 57
CLERK, US DIST. COURT
EASTERN DIST. OF CALIF
BY_____

Attorneys for Non-Party Deponent Ryan Turner, Chief Operating Officer of Non-Party Pacific Ethanol, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>Greg Braun, Chapter 11 Trustee for<br><br>COAST GRAIN COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AGRI-SYSTEMS, a Montana Corporation,<br><br>Defendant. | Case No.: CIV-F-02-6482 AWI SMS<br><br>**STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER** |

WHEREAS, Defendant AGRI-SYSTEMS, a Montana corporation, has issued that Subpoena and that Notice of Taking Deposition of Ryan Turner (Chief Operating Officer of Pacific Ethanol, Inc.) with Production of Documents attached hereto as Exhibit "A"; and

WHEREAS, Ryan Turner and Pacific Ethanol are not parties to the within litigation; and

WHEREAS, the testimonial and documentary evidence that may be sought in the Deposition Duces Tecum may include confidential proprietary information; and

WHEREAS, therefore, good cause exists for entry of protective order.

///

///

Therefore, the undersigned parties to the within Stipulation (the "Parties"), by and through their respective counsel, hereby stipulate that the Protective Order set forth hereinbelow be entered by this Court.

DATED: August 31, 2005.

DOAK & ASSOCIATES, P.C.

By _____
Jon Doak
Attorneys for Defendant and Cross-Complainant AGRI-SYSTEMS

DATED: August 31, 2005.

LAW OFFICES OF HENRY D. NUNEZ

By _____
Henry D. Nunez
Attorneys for Defendant AGRI-SYSTEMS

DATED: August 31, 2005.

KIMBLE, MacMICHAEL & UPTON

By _____
Steven D. McGee
Attorneys for Complainant, Plaintiff, and Cross-Defendant GREG BRAUN, Chapter 11 ~~Trustee~~ Plan Agent for COAST GRAIN COMPANY, a California corporation

DATED: August 31, 2005.

BAKER, MANOCK & JENSEN

By _____
John L.B. Smith
Attorneys for Non-Party Deponent Ryan Turner, Chief Operating Officer of Non-Party Pacific Ethanol, Inc.

///
///
///
///
///

2

STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER

# PROTECTIVE ORDER

## Deposition Duces Tecum

1. The Deposition Duces Tecum of Ryan Turner, Chief Operating Officer of Pacific Ethanol, Inc., regarding matters subsequent to the close of escrow on Pacific Ethanol's purchase of the real property subject to the within litigation, and the below-listed Exhibits produced in response to the Subpoena attached hereto as Exhibit "A," shall be marked "Confidential Pursuant to Protective Order," or words to that effect, and shall be deemed "Confidential Information":

As to documents requested to be produced, the following documents shall be subject to this Protective Order:

    a. Photographs taken after close of escrow on Pacific Ethanol's purchase of the subject property;

    b. None;

    c. Documents referring to inspection, examination, and/or testing requested by Pacific Ethanol following the close of escrow;

    d. None;

    e. All;

    f. Documents regarding grain mill receiving condition, all after close of escrow; and

    g. Documents regarding grain mill receiving performance, all after the throughput testing conducted after close of escrow.

2. At the request of counsel for any Party, all persons other than those to whom disclosure of confidential information is permitted under the terms of this Protective Order, shall be excluded from the deposition of Mr. Turner.

## Use of Confidential Information at Hearings or Trial

3. Any disclosure of Confidential Information subject to the within Protective Order shall be made only upon prior written notice to Ryan Turner, Chief Operating Officer of Pacific Ethanol, Inc., via telecopier at (559) 435-1478, with a copy to John L.B. Smith at Baker,

Manock & Jensen, via telecopier at (559) 432-5620, which notice shall be at least five (5) court days prior to such disclosure.

4. At any proceeding before the Court in connection with this Litigation, counsel for the Parties may, subject to the rules of evidence, disclose or refer to Confidential Information in accordance with the terms of this Protective Order unless otherwise ordered by the Court.

5. At the request of counsel for any Party, during that portion of any proceeding during which Confidential Information is to be disclosed or referred to, all persons to whom disclosure of Confidential Information is not permitted under the terms of this Protective Order shall be excluded from the Courtroom, if so ordered by the Court.

6. Counsel for any Party may send courtesy copies of documents containing Confidential Information to the Court so long as the envelope containing such documents indicates that the envelope contains Confidential Information subject to this Protective Order, and that such Confidential Information has been filed with the Clerk of the Court under seal.

7. If Confidential Information is included in any papers to be filed with the Court, the parties shall follow the procedures set forth in California Rules of Court, Rules 243.1 through 243.2.

8. All Confidential Information shall be used solely by the Parties to the within Litigation for the purposes of such Litigation.

9. Nothing herein shall limit the dissemination of documents containing Confidential Information among counsel of record in this Litigation and their paralegals, clerical and secretarial employees, nor shall it limit the dissemination thereof by Mr. Turner, Pacific Ethanol, or their agents for any purpose whatsoever.

10. Confidential Information may be disclosed to or made available by counsel for the Parties to the within Litigation receiving such information into the following "Qualified Persons," as defined herein, or to such other persons as the Parties may agree in writing. For purposes of this Order, "Qualified Persons" means:

///

   a. The Court (and any Appellate Court), including Court personnel, jurors and alternate jurors subject to California Rules of Court, Rules 243.1 through 243.2;

   b. Court reporters;

   c. Counsel of record to the Parties to this Litigation, and the paralegal, clerical, and secretarial staff, and other persons employed or retained by such counsel;

   d. The named Parties to this Litigation;

   e. Outside photo-copying services;

   f. Experts, advisors or consultants (including their employees and support staff) retained by counsel of record in the Litigation; and

   g. Persons who counsel of record in good faith believe may be fact witnesses in this Litigation.

  11. Prior to the disclosure of Confidential Information to any Qualified Person defined in Subparagraphs 10(d), 6(f), and 6(g), counsel of record for the Party proposing to make such disclosure shall ensure that a copy of this Order has been delivered to such person, that its terms have been explained to such person, and that the person has executed a Confidentiality Undertaking in the form attached hereto as Exhibit "B."

  12. Nothing herein shall prevent any Party who has received Confidential Information pursuant to this Protective Order from producing such Confidential Information in response to a lawful subpoena or other compulsory process, provided that any Party receiving such subpoena or process (i) shall, pursuant to the notice requirements of Paragraph 3 hereinabove, give notice thereof to Ryan Turner, which notice shall include a copy of the subpoena or other compulsory process so as to afford him a reasonable opportunity to enforce this Protective Order; and (ii) if application to enforce this Protective Order is made before the return date, shall not produce, such Confidential Information prior to receiving a Court Order or the written consent of Mr. Turner.

  13. Compliance with the terms of this Protective Order shall not operate as an admission that any particular document or information is or is not confidential.

///

14. The entry of this Protective Order does not waive any rights the Parties may have to object on any grounds to the use of any Confidential Information as evidence at any trial or hearing in this Litigation. Disclosure of any Confidential Information by any person or in any manner not permitted by this Protective Order shall not result in a waiver of or otherwise limit the right of the Parties to enforce the provisions of this Protective Order. Nothing contained herein shall constitute a waiver by any Party of the right to claim that information designated by any other Party as Confidential is not, in fact, Confidential.

15. After the conclusion of this Litigation, any Party's counsel and all other persons to whom Confidential Information shall have been disclosed shall not disclose or communicate to, or discuss with, any person any portion of such Confidential Information, unless such Confidential Information later becomes public knowledge and such public knowledge becomes known to the Party's counsel or such other persons.

16. Within ninety (90) days after the disposition of this action, all Confidential Information shall be returned to Mr. Turner, provided, however, that counsel shall be entitled to retain pleadings, memoranda, declarations or affidavits, or deposition transcripts which attach, contain or refer to any Confidential Information, but only to the extent necessary to preserve a litigation file with respect to these actions, subject to the terms of this Protective Order.

DATED: September 2/, 2005.

THE HONORABLE ANTHONY W. ISHII
JUDGE OF THE FEDERAL DISTRICT COURT

///
///
///
///
///
///
///
///
///

EXHIBIT A

1 | Henry D. Nunez, #063412
2 | Law Offices of Henry D. Nunez
    4478 West Spaatz Avenue
3 | Fresno, CA 93722
    Tel: (559) 437-9200
4 | Fax: (559) 437-3927

5 | Attorney for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

In re:                                          ) Case No.: CIV-F-02-6482 AWI SMS
                                                )
Greg Braun, Chapter 11 Trustee for              )
                                                )
COAST GRAIN COMPANY, a California               )
                                                )
corporation                                     )
                                                ) **NOTICE OF TAKING DEPOSTION OF**
           Plaintiff,                           ) **RYAN TURNER WITH PRODUCTION OF**
                                                ) **DOCUMENTS**
    V.                                          )
                                                )
AGRI-SYSTEMS, a Montana Corporation             ) Date: Wednesday August 31, 2005
                                                ) Time: 9:30 a.m.
                                                ) Place: Baker, Manock & Jensen
           Defendant.                           )        5260 N. Palm Ave., Ste 421
                                                )        Fresno, CA 93704
                                                )

**TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:**

    **PLEASE TAKE NOTICE,** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant AGRI-SYSTEMS will take the deposition of Ryan Turner, Chief Operations Officer (COO) of Pacific Ethanol Inc., before a certified shorthand reporter authorized to administer oaths under the laws of the Sate of California, at John L. B. Smith, Law Offices of Baker, Manock & Jensen, located at 5260 N. Palm Ave., Ste 421 Fresno, CA 93704 Phone: 559-432-5400 commencing at 9:30 a.m. on Wednesday

EXHIBIT "A"

- 1 -

NOTICE OF TAKING DEPOSITION OF RYAN TURNER

1  August 31, 2005. Mr. Ryan's current business address is 5711 N. West Avenue,
2  Fresno, CA 93711.
3  **NOTICE IS FURTHER GIVEN** that the matters on which the deponent will be
4  examined involve the purchase by Pacific Ethanol and condition of the grain mill located
5  at 31470 Avenue 12 in Madera County, California.
6  **NOTICE IS FURTHER GIVEN** that Mr. Turner is requested to produce at the
7  time of the deposition, the documents described in exhibit "A" attached hereto.
8  Pursuant to Rule 30(b)(2), said deposition will be recorded stenographically and
9  through the instant visual display of the testimony.
10 Pursuant to Rule 30(b)(2), said deposition will be recorded stenographically and
11 through the instant visual display of the testimony.
12 If said deposition is not completed on said dates, the taking thereof will continue
13 from day to day thereafter at the same place Sundays and holidays excepted, until
14 completed.
15 Dated: August 25, 2005.

By _____
Henry D. Nunez
Attorney at Law

## EXHIBIT A TO DEPOSITION SUBPEONA

The following documents within the possession, custody, and/or control of the deponent, RYAN TURNER, are to be produced in connection with deposition scheduled for Wednesday August 31 at 9:30 a.m., at John L. B. Smith, Law Offices of Baker, Manock & Jensen, located at 5260 N. Palm Ave., Ste 421 Fresno, CA 93704

1. Any and all digital or other photographs of the Madera Project, and/or the buildings, improvements, machinery, equipment, fixtures or components of the project, whether taken by the deponent or others, at any time.

2. Any and all correspondence between GREG BRAUN and Pacific Ethanol, or any agent and/or trustee for either entity.

3. Any and all documents related to or referring to inspection, examination and/or testing of the Madera Project, or buildings, improvements, machinery, equipment, fixtures or components of the Project.

4. Any and all documents relating or referring to the purchase of the grain mill in issue, including but not limited to the purchase agreement, any addendum thereto, appraisal reports, environmental reports, and inspection reports.

5. Any and all documents relating to referring to the "Canola" fire, including but not, limited to insurance claims, repairs, reports

concerning the integrity and condition of the grain mill and/or inspection and investigation of damages.

6. Any and all documents referring or relating to reports concerning grain mill receiving condition and/or performance.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Eastern District of California

In Re:
GREG BRAUN, CHAPTER 11 TRUSTEE FOR COAST GRAIN COMPANY, V A California Corporation

AGRI-SYSTEMS, a Montana Corporation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CIV-F-02-6482 AWI SMS

TO: RYAN TURNER
PACIFIC ETHANOL, INC.
Fresno, CA 93711

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION John L.B. Smith; Baker, Manock & Jensen 5260 N. Palm Ave., Ste.421 Fresno, CA 93704 | DATE AND TIME 9:30 a.m. AUGUST 31, 2005 |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "A" attached hereto and incorporated by reference herein

| PLACE John L.B. Smith, Baker, Manock & Jensen 5260 N. Palm Ave., STE.421 Fresno, CA 93704 | DATE AND TIME 9:30 a.m. AUGUST 31, 2005 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Henry D. Nunez, Attorney for Defendant | DATE AUGUST 25, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

4478 W. Spaatz, Fresno, CA 93722 (559)437-9200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## **EXHIBIT A TO DEPOSITION SUBPEONA**

The following documents within the possession, custody, and/or control of the deponent, RYAN TURNER, are to be produced in connection with deposition scheduled for Wednesday August 31 at 9:30 a.m., at John L. B. Smith, Law Offices of Baker, Manock & Jensen, located at 5260 N. Palm Ave., Ste 421 Fresno, CA 93704

1. Any and all digital or other photographs of the Madera Project, and/or the buildings, improvements, machinery, equipment, fixtures or components of the project, whether taken by the deponent or others, at any time.

2. Any and all correspondence between GREG BRAUN and Pacific Ethanol, or any agent and/or trustee for either entity.

3. Any and all documents related to or referring to inspection, examination and/or testing of the Madera Project, or buildings, improvements, machinery, equipment, fixtures or components of the Project.

4. Any and all documents relating or referring to the purchase of the grain mill in issue, including but not limited to the purchase agreement, any addendum thereto, appraisal reports, environmental reports, and inspection reports.

5. Any and all documents relating to referring to the "Canola" fire, including but not, limited to insurance claims, repairs, reports

concerning the integrity and condition of the grain mill and/or inspection and investigation of damages.

6. Any and all documents referring or relating to reports concerning grain mill receiving condition and/or performance.

**EXHIBIT B**

EXHIBIT "B"

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>Greg Braun, Chapter 11 Trustee for<br><br>COAST GRAIN COMPANY, a California corporation,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>AGRI-SYSTEMS, a Montana Corporation,<br><br>　　　　　　　　　　Defendant. | **CASE NO. CIV-F-02-6482 AWI SMS**<br><br>**CONFIDENTIALITY UNDERTAKING** |

DECLARATION OF:

I, _____, declare:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order in this case signed by Judge Ishii on _____.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence and not disclose to anyone not qualified or designated under the Protective Order, any CONFIDENTIAL INFORMATION or any words, summaries, abstracts, or indices of CONFIDENTIAL INFORMATION disclosed to me.

///

///

7

STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER

8. I will return all CONFIDENTIAL INFORMATION and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on _____ at _____.

_____

@PFDesktop\::ODMA/GRPWISE/BMJDOM.FresDocs.PS4Lib:318631.1
14116.0003