1

**BAKER, MANOCK & JENSEN**
A PROFESSIONAL CORPORATION
FIG GARDEN FINANCIAL CENTER
5260 NORTH PALM AVENUE, FOURTH FLOOR
FRESNO, CALIFORNIA 93704-2209
Telephone (559) 432-5400
Telecopier (559) 432-5620

2

3

4

5

Attorneys for    Non-Party Deponent Ryan Turner, Chief Operating Officer of Non-Party Pacific
Ethanol, Inc.

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10                              FRESNO DIVISION

| | |
|---|---|
| In re: | Case No.: CIV-F-02-6482 AWI SMS |
| Greg Braun, Chapter 11 Trustee for | |
| COAST GRAIN COMPANY, a California corporation, | **STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER** |
| Plaintiff, | |
| v. | |
| AGRI-SYSTEMS, a Montana Corporation, | |
| Defendant. | |

19          WHEREAS, Defendant AGRI-SYSTEMS, a Montana corporation, has issued that

20   Subpoena and that Notice of Taking Deposition of Ryan Turner (Chief Operating Officer of Pacific

21   Ethanol, Inc.) with Production of Documents attached hereto as Exhibit "A"; and

22          WHEREAS, Ryan Turner and Pacific Ethanol are not parties to the within litigation;

23   and

24          WHEREAS, the testimonial and documentary evidence that may be sought in the

25   Deposition Duces Tecum may include confidential proprietary information; and

26          WHEREAS, therefore, good cause exists for entry of protective order.

27   ///

28   ///

1    Therefore, the undersigned parties to the within Stipulation (the "Parties"), by and

2    through their respective counsel, hereby stipulate that the Protective Order set forth hereinbelow be

3    entered by this Court.

4    DATED:        August 31, 2005.                    DOAK & ASSOCIATES, P.C.

5                                                      /s/ Jon Doak (as authorized on August 31,
                                                       2005)
6
                                                       By_____
7                                                      Jon Doak
                                                       Attorneys for Defendant and Cross-
8                                                      Complainant AGRI-SYSTEMS

9    DATED:        August 31, 2005.                    LAW OFFICES OF HENRY D. NUNEZ

10                                                     /s/ Henry D. Nunez (as authorized on
                                                       August 31, 2005)
11
                                                       By_____
12                                                     Henry D. Nunez
                                                       Attorneys for Defendant AGRI-SYSTEMS
13

14   DATED:        August 31, 2005.                    KIMBLE, MacMICHAEL & UPTON

15                                                     /s/ Steven D. McGee (as authorized on
                                                       August 31, 2005)
16
                                                       By_____
17                                                     Steven D. McGee
                                                       Attorneys for Complainant, Plaintiff, and
18                                                     Cross-Defendant GREG BRAUN,
                                                       Chapter 11 Trustee for COAST GRAIN
19                                                     COMPANY, a California corporation

20   DATED:        August 31, 2005.                    BAKER, MANOCK & JENSEN

21                                                     /s/ John L.B. Smith

22                                                     By_____
                                                       John L.B. Smith
23                                                     Attorneys for Non-Party Deponent Ryan
                                                       Turner, Chief Operating Officer of Non-Party
24                                                     Pacific Ethanol, Inc.

25   ///

26   ///

27   ///

28   ///

2

# PROTECTIVE ORDER

## Deposition Duces Tecum

1.      The Deposition Duces Tecum of Ryan Turner, Chief Operating Officer of Pacific Ethanol, Inc., regarding matters subsequent to the close of escrow on Pacific Ethanol's purchase of the real property subject to the within litigation, and the below-listed Exhibits produced in response to the Subpoena attached hereto as Exhibit "A," shall be marked "Confidential Pursuant to Protective Order," or words to that effect, and shall be deemed "Confidential Information":

As to documents requested to be produced, the following documents shall be subject to this Protective Order:

      a.      Photographs taken after close of escrow on Pacific Ethanol's purchase of the subject property;

      b.      None;

      c.      Documents referring to inspection, examination, and/or testing requested by Pacific Ethanol following the close of escrow;

      d.      None;

      e.      All;

      f.      Documents regarding grain mill receiving condition, all after close of escrow; and

      g.      Documents regarding grain mill receiving performance, all after the throughput testing conducted after close of escrow.

2.      At the request of counsel for any Party, all persons other than those to whom disclosure of confidential information is permitted under the terms of this Protective Order, shall be excluded from the deposition of Mr. Turner.

## Use of Confidential Information at Hearings or Trial

3.      Any disclosure of Confidential Information subject to the within Protective Order shall be made only upon prior written notice to Ryan Turner, Chief Operating Officer of Pacific Ethanol, Inc., via telecopier at (559) 435-1478, with a copy to John L.B. Smith at Baker,

3

1   Manock & Jensen, via telecopier at (559) 432-5620, which notice shall be at least five (5) court

2   days prior to such disclosure.

3         4.   At any proceeding before the Court in connection with this Litigation,

4   counsel for the Parties may, subject to the rules of evidence, disclose or refer to Confidential

5   Information in accordance with the terms of this Protective Order unless otherwise ordered by the

6   Court.

7         5.   At the request of counsel for any Party, during that portion of any

8   proceeding during which Confidential Information is to be disclosed or referred to, all persons to

9   whom disclosure of Confidential Information is not permitted under the terms of this Protective

10  Order shall be excluded from the Courtroom, if so ordered by the Court.

11        6.   Counsel for any Party may send courtesy copies of documents containing

12  Confidential Information to the Court so long as the envelope containing such documents indicates

13  that the envelope contains Confidential Information subject to this Protective Order, and that such

14  Confidential Information has been filed with the Clerk of the Court under seal.

15        7.   If Confidential Information is included in any papers to be filed with the

16  Court, the parties shall follow the procedures set forth in California Rules of Court, Rules 243.1

17  through 243.2.

18        8.   All Confidential Information shall be used solely by the Parties to the within

19  Litigation for the purposes of such Litigation.

20        9.   Nothing herein shall limit the dissemination of documents containing

21  Confidential Information among counsel of record in this Litigation and their paralegals, clerical

22  and secretarial employees, nor shall it limit the dissemination thereof by Mr. Turner, Pacific

23  Ethanol, or their agents for any purpose whatsoever.

24        10.   Confidential Information may be disclosed to or made available by counsel

25  for the Parties to the within Litigation receiving such information into the following "Qualified

26  Persons," as defined herein, or to such other persons as the Parties may agree in writing.  For

27  purposes of this Order, "Qualified Persons" means:

28  ///

a.    The Court (and any Appellate Court), including Court personnel, jurors and alternate jurors subject to California Rules of Court, Rules 243.1 through 243.2;

b.    Court reporters;

c.    Counsel of record to the Parties to this Litigation, and the paralegal, clerical, and secretarial staff, and other persons employed or retained by such counsel;

d.    The named Parties to this Litigation;

e.    Outside photo-copying services;

f.    Experts, advisors or consultants (including their employees and support staff) retained by counsel of record in the Litigation; and

g.    Persons who counsel of record in good faith believe may be fact witnesses in this Litigation.

11.    Prior to the disclosure of Confidential Information to any Qualified Person defined in Subparagraphs 10(d), 6(f), and 6(g), counsel of record for the Party proposing to make such disclosure shall ensure that a copy of this Order has been delivered to such person, that its terms have been explained to such person, and that the person has executed a Confidentiality Undertaking in the form attached hereto as Exhibit "B."

12.    Nothing herein shall prevent any Party who has received Confidential Information pursuant to this Protective Order from producing such Confidential Information in response to a lawful subpoena or other compulsory process, provided that any Party receiving such subpoena or process (i) shall, pursuant to the notice requirements of Paragraph 3 hereinabove, give notice thereof to Ryan Turner, which notice shall include a copy of the subpoena or other compulsory process so as to afford him a reasonable opportunity to enforce this Protective Order; and (ii) if application to enforce this Protective Order is made before the return date, shall not produce, such Confidential Information prior to receiving a Court Order or the written consent of Mr. Turner.

13.    Compliance with the terms of this Protective Order shall not operate as an admission that any particular document or information is or is not confidential.

///

14. The entry of this Protective Order does not waive any rights the Parties may have to object on any grounds to the use of any Confidential Information as evidence at any trial or hearing in this Litigation.  Disclosure of any Confidential Information by any person or in any manner not permitted by this Protective Order shall not result in a waiver of or otherwise limit the right of the Parties to enforce the provisions of this Protective Order.  Nothing contained herein shall constitute a waiver by any Party of the right to claim that information designated by any other Party as Confidential is not, in fact, Confidential.

15. After the conclusion of this Litigation, any Party's counsel and all other persons to whom Confidential Information shall have been disclosed shall not disclose or communicate to, or discuss with, any person any portion of such Confidential Information, unless such Confidential Information later becomes public knowledge and such public knowledge becomes known to the Party's counsel or such other persons.

16. Within ninety (90) days after the disposition of this action, all Confidential Information shall be returned to Mr. Turner, provided, however, that counsel shall be entitled to retain pleadings, memoranda, declarations or affidavits, or deposition transcripts which attach, contain or refer to any Confidential Information, but only to the extent necessary to preserve a litigation file with respect to these actions, subject to the terms of this Protective Order.

IT IS SO ORDERED.

**Dated:    October 27, 2005**                    _____/s/ Sandra M. Snyder_____
icido3                                                      UNITED STATES MAGISTRATE JUDGE

STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER