1
2
3
4
5
6
7              **IN THE UNITED STATES DISTRICT COURT**

8            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9
10   GREG BRAUN,                              CASE NO. CV-F-02-6482 AWI LJO

11            Plaintiff,                      **ORDER AFTER *IN CAMERA* INSPECTION
                                             OF BILLING STATEMENTS**

12        vs.

13   AGRI-SYSTEMS,

14            Defendant.
     _____/

15

16        Pursuant to a notice filed on December 8, 2005, Defendant Agri-Systems sought to compel

17   production of documents from plaintiff Greg Braun regarding attorneys fees claimed by plaintiff as

18   damages.  On February 2, 2006, this Court issued an order that the documents reflecting attorneys fees

19   were to be submitted to this Court for an *in camera* inspection.

20        On approximately February 17 and 23, 2006, plaintiff delivered to the Court the attorney fees

21   billing statements ("billing statements") which were the subject of the motion.  The Court received and

22   reviewed two sets of the billing statements.  The billing statements are compiled from six different

23   sources:

24        1) Kimble, MacMichael & Upton,

25        2) Walter Law Group,

26        3) Drummond & Associates, San Francisco counsel,

27        4) Crowley, Haughey, Hanson, Toole & Dietrich, Montana counsel,

28        5) Douglas Harris Law Offices, Montana counsel,

1

6) O'Connell & Associates, document manager.

Set 1, a 12-inch stack of billing statements, consists of the billing statements from the six sources. Plaintiff represented that these statements were redacted to exclude billing entries unrelated to this litigation (i.e., redacted entries related to other Greg Braun litigations). Thus, all of the entries for the instant litigation should be reflected in Set 1 of the billing statements.

Set 2, a 6-inch stack of billing statements, is a subset of Set 1 which contains excerpted billing statements. For the Court's review, plaintiff highlighted billing entries/portions of entries that plaintiff contends contains either attorney-client privilege or work product privilege. Generally, plaintiff highlighted the "substance" of what was worked on or discussed. Thus, for example, the entry will show that research was done, but the subject of the research is claimed to be privileged and was, therefore, highlighted. Plaintiff proposes that he be permitted to redact the highlighted portion from the production of the billing statements.

After review of both Set 1 and Set 2, the billing statements with the proposed redactions, as highlighted for the Court's review in Set 2, are fair and accurate and take into account legitimate privileges of attorney client or work product. Accordingly, plaintiff is ordered to produce the attorney billing statements in Set 1, redacted to reflect the highlighted portions in Set 2, within 20 days of the date of service of this order.

IT IS SO ORDERED.

**Dated:    February 28, 2006          /s/ Lawrence J. O'Neill**
b9ed48                                    UNITED STATES MAGISTRATE JUDGE

2