IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG BRAUN, | CASE NO. CV-F-02-6482 AWI LJO |
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER RE PERSONS MOST KNOWLEDGEABLE** (Doc. 256) |
| vs. | |
| AGRI-SYSTEMS, | |
| Defendant. | |

On February 28, 2006, plaintiff filed an ex parte application for an order shortening time to move for a protective order for depositions set by Defendant Agri-Systems for March 10, 2006. The depositions were noticed for the persons most knowledgeable of plaintiff's two document retention firms, O'Connell and Document Technologies, Inc. These firms handled the David Vandiver photographs. Mr. Vandiver is the former Coast Grain project manager for the subject project. By order on March 1, 2006, the Court offered to resolve the substance of the motion by informal conference call, to which the parties agreed. On March 6, 2006, the Court conducted a telephonic hearing regarding the motion for a protective order. On March 7, 2006, defendant filed an opposition.

The motion for a protective order stems from this Court' February 2, 2006 order regarding defendant's accusations of wrongdoing by counsel as it pertains to Mr. Vandiver's photographs. In the Court's February 2, 2006 order, the Court allowed defendant to retain an expert to inspect the photograph discs to see if they had been tampered with or not. The order states:

> "Defense counsel has accused plaintiff's counsel of intentional wrongful conduct, a serious accusation by an officer of the Court. <u>The Court will permit defendant to examine the discs containing the photographs, by way of appropriate expert only, to determine whether the discs have been tampered</u>. The process of arranging for the inspection of the discs must be in progress within 10 days and accomplished within 40 days. This Court is to be notified, in writing, of the result. The Court wishes notice to enable it to determine the presence or absence of merit of counsel's serious accusation." (Doc. 252) (Emphasis added.)

In response to the Court's order, Agri-systems served subpoena duces tecums on O'Connell and on Document Technologies for depositions of the persons most knowledgeable and requested production of documents. Agri-Systems argues that the depositions are necessary to authenticate the discs.

On March 6, 2006, most of the argument by defendant at the time of the telephonic conference was "discovery as usual." For instance, defendant argued that Mr. Vandiver testified that he took photographs until he left in January 2002. He testified he loaded all of his photos on 200 to 300 floppy discs and on cd-roms which he left at Coast Grain. No photos have been produced for dates after September 2001 and the 200-300 floppy discs that have not been produced.

The issue before the Court is narrow and does not include "discovery as usual." The discovery cut-off expired on January 9, 2006. At Mr. Vandiver's deposition on March 15, 2005, defendant learned of the photos they wanted and by August 8, 2005, the second Vandiver deposition, defendant confirmed they wanted the photographs.

The issue before the Court is plaintiff's motion for a protective order for the subpoena duces tecums to the persons most knowledgeable at O'Connell and Document Technologies, Inc.

At the March 6, 2006 telephonic hearing, plaintiff's counsel represented that he had turned over all photographs to defendants, which is the same statement he made at the prior discovery hearing on January 31, 2006. At that prior hearing and in response to a question of the Court, plaintiff's counsel said that plaintiff had provided all photographs to defendants. This statement turned out to be inaccurate because subsequently additional photographs were provided to defendants. Accordingly, in that there appears to be a failure in diligence of search, the Court addresses this issue.

/////

/////

/////

1  Plaintiff's counsel is directed to provide one declaration detailing exactly what was done to
2  conduct a diligent search for the discs/photographs, including the efforts by all plaintiff's counsel and
3  co-counsel and including a search for the number of discs indicated by Mr. Vandiver.  Should a
4  subsequent discovery issue arise related to the diligence of the search, the Court will deal with it
5  separately.
6  The motion for protective order is GRANTED.
7  Request for sanctions is DENIED.
8  IT IS SO ORDERED.
9  **Dated:    March 10, 2006**              **/s/ Lawrence J. O'Neill**
   b9ed48                                   UNITED STATES MAGISTRATE JUDGE