STEVEN D. McGEE  71886
AMANDA J. GLENN 234214
KIMBLE, MacMICHAEL & UPTON
A Professional Corporation
5260 North Palm, Suite 221
Post Office Box 9489
Fresno, CA  93792-9489
Telephone:  (559) 435-5500
Facsimile:   (559) 435-1500

RILEY C. WALTER  91839
WALTER LAW GROUP
Woodward Centre
7110 N. Fresno Street, Suite 400
Fresno, CA  93720
Telephone:  (559) 435-8020
Facsimile:   (559) 435-9868

Attorneys for GREG BRAUN,
Plan Agent for COAST GRAIN COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

* * *

| | |
|---|---|
| GREG BRAUN, Chapter 11 Trustee for COAST GRAIN COMPANY, a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AGRI-SYSTEMS, a Montana corporation, <br><br> Defendant. <br><br><br> AND RELATED CROSS-CLAIM. | Case No.:  CIV-F-02-6482 AWI LJO <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR MONETARY SANCTIONS AND FOR REVOCATION OF DEFENDANT'S COUNSEL'S PRO HAC VICE STATUS AS SANCTION** <br><br> **[28 USC § 1927, FRCP, Rule 1; Local Rule 11-110, 83-180]** <br><br> **Date:  April 21, 2006** <br> **Time:  8:30 a.m.** <br> **CtRm:  8** <br> **Judge:  Hon. Lawrence J. O'Neill** <br><br> **Trial Date:  June 6, 2006** |

LAW OFFICES
Kimble. MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA  93792-9489

1

Memorandum of Points and Authorities in Support of Motion for Monetary Sanctions and
Revocation of Defendant's Counsel's Pro Hac Vice Status As Sanction

# TABLE OF CONTENTS

**Page**

I.  FACTUAL AND PROCEDURAL BACKGROUND ........................................ 1

II  PLAINTIFF'S COMPLIANCE WITH THE COURT'S ORDER
OF FEBRUARY 1, 2006 .......................................................................... 4

    A.  Plaintiff Invited Defendant To Inspect The Original Vandiver
CD-R ............................................................................................... 4

    B.  Plaintiff's Expert Determined The Original Vandiver CE-R Did
Not Have Any Files Removed, Destroyed Or Altered From It ......... 4

III.  THE COURT HAS AUTHORITY TO SANCTION BOTH AGRI-SYSTEMS
AND ITS ATTORNEY MR. JON DOAK.  MOREOVER, MONETARY
SANCTIONS ARE JUSTIFIED IN THE PRESENT CASE ........................ 6

    A.  The Court Has a Duty to Supervise the Conduct or
Attorneys Appearing Before It ...................................................... 6

    i.  Federal Rules of Civil Procedure, Rule 1 ................................ 6

    ii.  Local Rules .............................................................................. 7

    iii.  28 U.S.C. § 1927 ..................................................................... 8

    iv.  Inherent Power ........................................................................ 9

    v.  Prior Misconduct ..................................................................... 11

IV.  THE COURT SHOULD REVOKE ATTORNEY DOAK'S PRO HAC VICE
STATUS AS SANCTION BECAUSE OF HIS UNETHICAL, UNLAWLIKE
AND UNPROFESSIONAL CONDUCT .................................................... 12

    A.  Permission To A Nonresident Attorney To Appear Pro Hac Vice
In A Case Pending Is Not A Right But A Privilege, Granting
Of Which Is A Matter Of Grace, Resting In The Sound Discretion
Of The Presiding Judge .................................................................. 12

    B.  Mr. Doak Is Subject To Jurisdiction Of California Courts
With Respect To Law Governing Conduct Of Attorneys And
Subject To Disciplinary Jurisdiction Of State Bar With
Respect To Any Acts Occurring During Court Of His
Appearance .................................................................................... 13

    C.  Revocation of Mr. Doak's Pro Hac Vice Status As Sanction
Is Appropriate And Justified .......................................................... 14

V.  CONDUCT OF MARK PARKER SHOULD ALSO BE ADMONISHED ....... 15

VI  CONCLUSION ....................................................................................... 16

LAW OFFICES
Kimble. MacMichael
& Upton
A PROFESSIONAL CORPORATION
5200 NORTH PALM AVENUE,
SUITE 221
P. O. Box 9489
FRESNO. CA. 93792-9489

i

# **TABLE OF AUTHORITIES**

**Page**

## **FEDERAL CASES**

*Adriana International Corp. v. Thoeren*, (1990)
   913 F.2d 1406 ............................................................................................... 11

*In re Akros Installations, Inc.*, (1987)
   834 F.2d 1526 ................................................................................................ 9

*Alyeska Pipeline Service Co. v. Wilderness Society*, (1975)
   421 U.S. 240, 95 S.Ct. 1612 ........................................................................ 10

*Baker v. Cerberus, Ltd.*, (1985)
   764 F.2d 204 ................................................................................................ 10

*In re Belli* (DC Dist. Col 1974)
   371 F.Supp. 111 .......................................................................................... 13

*Byrne v. Nezhat*, (2001)
   261 F.3d 1075 ................................................................................................ 9

*Chambers v. NASCO, Inc.*, (1991)
   501 U.S. 32, 111 S.Ct. 2123 ....................................................................... 10

*In re Complaint of PMD Enterprises Inc.* (D.N.J. 2002)
   215 F.Supp.2d 519 ....................................................................................... 15

*Cunningham v. County of Los Angeles*, (1990)
   879 F.2d 481 (9th Cir.), cert. denied, 493 U.S. 1035, 110 S.Ct. 757 ........... 6, 8

*Cyphers v. Fuji Heavy Industries Co., Ltd.*, (1998)
   32 F.Supp.2d 1199 ....................................................................................... 13

*Dahl v. City of Huntington Beach*, (1996)
   84 F.3d 363 ................................................................................................... 6

*Erickson v. Newmar Corp.*, (1996)
   87 F.3d 298 ........................................................................................... 6, 7, 10

*Ford v. Temple Hospital*, (1986)
   790 F.2d 342 ................................................................................................ 10

*Gas A-Tron of Ariz. v. Union Oil Co.*, (1976)
   534 F.2d 1322 (9th Cir) ............................................................................... 6, 7

*Halaco Eng'g Co. v. Costle*, (1988)
   843 F.2d 376 ............................................................................................. 9, 11

*Kahalun Construction Co.*, (1988)
   857 F.2d 600 ................................................................................................ 11

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P.O. Box 9489
FRESNO, CA 93792-0489

ii

*In re Keegan Management Co. Sec. Litigation* (Keegan Management Co. v. Moore), (1955)
  78 F.3d 431 ............................................................................................................. 8, 10

*Kohlmayer v. National R.R. Passenger Corp.* (D.N.J. 2000)
  124 F.Supp.2d 877 .................................................................................................. 13

*Lewis v. Telephone Employees Credit Union*, (1996)
  87 F.3d 1537 ............................................................................................................. 9

*Lokary v. Kayfetz*, (1992)
  974 F.2d 1166 (9th Cir.) ......................................................................................... 6

*MGICIdemnity v. Moore*, (1991)
  952 F.2d 1120 ........................................................................................................... 9

*Mark Ind., Ltd. v. Sea Captain 's Choice, Inc.*, (1995)
  50 F.3d 730 ............................................................................................................. 10

*In re Mortgage & Realty Trust*, (1996)
  195 B.R. 740 ........................................................................................................... 14

*New Alaska Development Corp. v. Guetschow*, (1989)
  869 F.2d 1298 ........................................................................................................... 8

*North American Watch Corp. v. Princess Ermine Jewels*, (1986)
  786 F.2d 1447 ......................................................................................................... 11

*Overnight Transport Co. v. Chicago Ind. Tire Co.*, (1983)
  697 F.2d 789 ............................................................................................................. 8

*Perichak v. International Union of Electric Radio*, (1983)
  715 F.2d 78 ............................................................................................................. 10

*Pollitt v. General Motors Corp.*, (1990)
  894 F.2d 858 ........................................................................................................... 14

*Republic of Philippines v. Westinghouse Electric Corp.*, (1995)
  43 F.3d 65 ................................................................................................................. 9

*Roadway Express, Inc. v. Piper*, (1980)
  447 U.S. 752, 100 S.Ct. 2455 ................................................................................. 9

*Salstrom v. Citicorp Credit Serv., Inc.*, (1996)
  74 F.3d 183 (9th Cir.) ............................................................................................. 8

*Shafii v. British Airways, PLC*, (1996)
  83 F.3d 566 ............................................................................................................... 9

*Thomas v. Cassidy* (1957 C.A.4 Va.)
  249 F.2d 91 ............................................................................................................. 13

*Toombs v. Leone*, (1985)
  777 F.2d 465 ............................................................................................................. 9

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P.O. Box 9489
FRESNO, CA 93702-0489

iii

*Trust Corp. of Montana v. Piper Aircraft Corp.*, (1983)
701 F.2d 85 ............................................................................................. 6

*Unigard Sec. Insurance v. Lakewood Engineering & Manufacturing*, (1992)
982 F.2d 363 ........................................................................................... 9

*United States v. Blodgett*, (1983)
709 F.2d 608 ........................................................................................... 8

*Wages v. Internal Revenue Service*, (1991)
915 F.2d 1230 (9th Cir.), cert. denied, 489 U.S. 1096, 111 S.Ct. 986 .............. 6, 8

*West Coast Theater Corp. v. City of Portland*, (1990)
897 F.2d 1519 ......................................................................................... 8

## STATE CASES

*State Industries, Inc. v. Jernigan*, 751 So.2d 680 .......................................... 15

## FEDERAL STATUTES

28 U.S.C. section 1927 .............................................................................. 1, 8

28 U.S.C. section 1977 .............................................................................. 15

18 U.S.C. section 401 ............................................................................... 7

## STATE STATUTES

Business & Professions Code section 6068 .................................................. 8, 16

## MISCELLANEOUS

California Rules of Professional Conduct, Rule 5-2000 .................................. 8, 16

California Rules of Court, Rule 983 ............................................................ 14

Federal Rules of Civil Procedure, Rule 1 ..................................................... 6

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P.O. Box 9489
FRESNO CA 93792-9489

Memorandum of Points and Authorities in Support of Motion for Monetary Sanctions and
Revocation of Defendant's Counsel's Pro Hac Vice Status As Sanction

Plaintiff GREG BRAUN, Plan Agent for COAST GRAIN COMPANY, a California corporation (hereinafter referred to as "COAST GRAIN") respectfully submits the following memorandum of points and authorities in support of its motion for monetary sanctions against defendant AGRI-SYSTEMS and its counsel, Mr. Jon Doak, and for revocation of Mr. Doak's pro hac vice status as sanction.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

COAST GRAIN is currently the subject of a Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of California. COAST GRAIN'S reorganization plan was confirmed on October 9, 2003. GREG BRAUN was the Chapter 11 Trustee, he is now the Plan Agent and is authorized to pursue this action on behalf of COAST GRAIN. COAST GRAIN was in the business of operating a grain mill facility in California. AGRI-SYSTEMS is in the business of designing and constructing grain mill facilities. Agreements were entered into between COAST GRAIN and AGRI-SYSTEMS under which AGRI-SYSTEMS was to design, engineer and construct a grain mill facility, including the construction of a fast rail receiving and steam flaking system, on property owned by COAST GRAIN on Avenue 12 in Madera (hereinafter, the "Project"). By this lawsuit, COAST GRAIN (through its Plan Agent) seeks to recover damages it claims to have suffered as a result of acts, omissions and breaches it alleges against AGRI-SYSTEMS. AGRI-SYSTEMS denies any further responsibility to COAST GRAIN and alleges that AGRI-SYSTEMS has been damaged by virtue of alleged nonpayment of contractual obligations.

COAST GRAIN is represented by Mr. Steven D. McGee and Kimble, MacMichael & Upton in the above-captioned action. AGRI-SYSTEMS is represented by Fresno attorney Henry Nunez. Additionally, Mr. Jon Doak of Doak & Associates of Billings, Montana, has been admitted pro hac vice in the above matter as co-counsel. (See Decl. of Jon Doak, Docket No. 274, p. 1, ¶ 1.) AGRI-SYSTEMS is also represented by Mr. Mark D. Parker of Parker, Heitz & Cosgrove, PLLC of Billings, Montana. Mr. Parker was recently admitted pro hac vice in the above matter as co-counsel.

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 03702-9469

1

Memorandum of Points and Authorities in Support of Motion for Monetary Sanctions and
Revocation of Defendant's Counsel's Pro Hac Vice Status As Sanction

1   On or about January 31, 2006, defendant's motion to compel discovery and monetary

2   sanctions came for hearing in Department 8 of the above entitled court. During the course of

3   said hearing, before the Honorable Magistrate Judge O'Neill, **defendant's attorney, Mr. Jon**

4   **Doak, claimed that plaintiff's attorney, Mr. Steven D. McGee, had tampered with certain**

5   **evidence.** Specifically, Mr. Doak argued that photographs of the Madera Facility taken by Mr.

6   Vandiver between mid September 2001 and January 2002 had not been produced. Mr. Doak

7   argued that plaintiff produced a disc of 1,500 photographs but that there were critical gaps of

8   pictures. (See Transcript from said hearing, Docket No. 279, p. 63-65.)

9   The Court inquired whether Mr. Doak had meet and conferred on the issue and what if

10  any response plaintiff had given. (Docket No. 279, p. 64, l. 22-25, p.65.) Mr. Doak stated that

11  he had met and conferred and that plaintiff's response was "We don't have them…" (Docket No.

12  279, p. 65, l. 12.)

13  Following are pertinent portions from the hearing:

14  The Court: "Well, that's exactly why I am asking the question. If the answer is under oath
    we don't have them, what can I do? Unless there is an indication that someone is lying."
15

16  Mr. Doak: "That's precisely the point, Your Honor. There is an indication that someone
    is lying…"
17

    The Court: "Who?"
18

19  Mr. Doak: "Plaintiff's counsel."

    The Court: "You think that Plaintiff's counsel has them and you think he's lying and
20  saying I don't have them?"

21  Mr. Doak: "I think that is exactly correct."

22
    (See Docket No. 279, p. 65, l. 13-25.)
23

24  Mr. Doak. "The photographs that predate September 7 of 2001 appear to have been
    edited. They are not – they've been renumbered on the disks that were provided, but they
25  appear to have **been edited to remove photographs**…"(Emphasis added.)

26  (See Docket No. 279, p. 66, l. 14-17.)

27  ///

28  ///

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P.O. Box 9489
FRESNO, CA 93792-9489

2

Memorandum of Points and Authorities in Support of Motion for Monetary Sanctions and
Revocation of Defendant's Counsel's Pro Hac Vice Status As Sanction

Mr. Doak: "On July the – about July the 10[th] [2005], we received a disk of photos. It appeared to be incomplete, and it appeared to have been edited." (Clarification and emphasis added.)

Mr. Doak: "I received another disk about the 17[th] of September and lo and behold there are a few more photographs that have been added. The format had been changed. The file folder names had been changed. It had gone from the first disk, the documents were in jpeg format, the second disk, the documents were in pdf format. They had been reorganized, and there were a few additional photographs added."

(See Docket No. 279, p. 6, l. 10-13 and 19-25.)

Mr. Doak: "**Based** on his testimony [Mr. Vandiver], the days, **the broken sequence of the photos that were on the first disk we got we got back in July** would indicate that you know, you may have No. 10, No 15, No. 16, No. 17, then you don't get another one until No. 21. **It appears that those interceding photographs may have been edited out or removed.**" (Emphasis added.)

See Docket No. 279, p. 69, l. 1-6.)

Subsequent to the hearing, the court issued its order dated February 1, 2006, which provides, in pertinent part:

Defense counsel [Jon Doak] has accused plaintiff's counsel [Steven McGee] of intentional wrongful conduct, a serious accusation by an officer of the Court. The Court will permit defendant to examine the discs containing the photographs, by way of appropriate expert only, to determine whether the discs have been tampered. (Clarification and emphasis added.) (See this Court's order of February 1, 2006, Docket No. 252, p. 8, l. 27 - p. 9, l. 1.)

The Court also denied defendant's request for sanctions but stated that "sanctions may be noticed by either party and reconsidered by the Court based on the results of the expert photo analysis." (See Court order, Docket No. 252, p. 11, ll. 7-8.)

As set forth more fully in Plaintiff's Report Re Vandiver Disc and Court Order of February 1, 2006 and its supporting declarations (hereinafter "Report") filed March 14, 2006, Mr. Doak's accusations were in fact false, inconsistent with truth, and was a diversion tactic advanced to mislead the Court and impugn Mr. McGee's integrity. Mr. Doak's unethical and unprofessional conduct also multiplied the proceedings in this case unreasonably and vexatiously. Further, as is detailed below, Mr. Doak and AGRI-SYSTEMS completely failed to inspect the original [July 2005] Vandiver CD-R which evidences that both AGRI-SYSTEMS and

///

LAW OFFICES
Kimble. MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO CA 93702-9489

3

Memorandum of Points and Authorities in Support of Motion for Monetary Sanctions and
Revocation of Defendant's Counsel's Pro Hac Vice Status As Sanction

1  Mr. Doak acted in bad faith when they knowingly and recklessly raised the frivolous and
2  baseless argument that Mr. McGee had tampered with evidence

3                                              **II.**

4  **PLAINTIFF'S COMPLIANCE WITH THE COURT'S ORDER OF FEBRUARY 1, 2006**

5  **A.     Plaintiff Invited Defendant To Inspect The Original Vandiver CD-R.**

6          As set forth more fully in Plaintiff's Report, in response and in compliance with this
7  Court's order COAST GRAIN invited AGRI-SYSTEMS to inspect the original Vandiver CD-R
8  However, as of the date of the filing of this Motion and Report AGRI-SYSTEMS has <u>not</u>
9  inspected the original [July 2005] Vandiver CD-R, despite its acknowledged desire to do so
10 during the discovery hearing on January 31, 2006.

11 **B.     Plaintiff's Expert Determined The Original Vandiver CD-R Did Not Have Any Files
         Removed, Destroyed Or Altered From It.**
12

13         In an effort to clear COAST GRAIN'S counsel, Steven D. McGee's, name from Mr.
14 Doak's baseless accusation (of evidence tampering) COAST GRAIN retained Digital Mountain
15 Inc., to provide an analysis of the original Vandiver CD-R (the disc in question) to determine if
16 the contents of it were the same as the contents of the two CD-R provided to Mr. Doak in July
17 and September 2005.

18         Mr. Fagalde, who conducted the majority of examination of said discs, is the Director of
19 Computer Forensics for Digital Mountain, Inc., has over 12 years of experience conducting
20 digital forensic examinations in both civil and criminal matters and has been certified in
21 computer forensics by the FBI Computer Analysis Response Team (CART) and the International
22 Association of Computer Investigative Specialists (IACIS). (See Decl. Fagalde in support of
23 Plaintiff's Position re Vandiver CD-R, ¶ 2.)

24         The scope of Mr. Fagalde's and Digital Mountain's work included the on-site duplication
25 of the Vandiver CD-R, preparation of a comparative index of the original Vandiver CD-R files to
26 the files produced to Mr. Doak, the preparation of a gallery view to compare the digital files on
27 the original Vandiver CD-R to the files produced to Mr. Doak, and a description of the .411 on
28 the original Vandiver CD-R. (Decl. Fagalde ¶ 5.) A complete and detailed description of Mr.

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P.O. Box 9489
FRESNO, CA 93792-9489

4

1  Fagalde's and Digital Mountain's analysis of the original Vandiver CD-R and the July 2005 and
2  September 2005 discs provided to Mr. Doak is set forth more fully in plaintiff's Report and in
3  Mr. Fagalde's declaration in support of plaintiff's Report filed on March 14, 2006.

4      Mr. Fagalde verified that the original [July 2005] Vandiver disc is a CD-R and that a CD-
5  R is not rewriteable. (Decl. Fagalde ¶¶ 7-8.)   Thus, **Mr. McGee could not have removed or**
6  **altered data on the original Vandiver CD-R**. Mr. Fagalde also had a  comparative index of the
7  1,544 .jpg photograph files on the original Vandiver CD-R and the 1,544 .pdf photograph files
8  (containing control numbers) on the CD-R prepared by DTI Global (which was provided to Mr.
9  Doak in September 2005) for purposes of cross-correlation. (Decl. Fagalde ¶ 10.)

10      Mr. Fagalde then had a side-by-side gallery view of each of the 1,544 .jpg and pdf
11  photograph files prepared for comparison purposes with the corresponding digital camera MVC
12  files and assigned CG-prefixed document control numbers. (Decl. Fagalde ¶ 13.)   The side-by-
13  side gallery view was to be attached as Exhibit D to the Declaration of Kevin Fagalde in support
14  of plaintiff's Report.   However, pursuant to this Court's order of March 10, 2006, the
15  photographs are not being filed with the Court.

16      Based on Mr. Fagalde's comparison it is his opinion that each and every .jpg photograph
17  on the original [July 2005] Vandiver CD-R corresponds to a  pdf photograph file on the DTI
18  Global-prepared CD-R (the same CD-R provided to Mr. Doak in September 2005).

19      **Thus, the Vandiver CD-R did not have any files removed, destroyed or altered from**
20  **it. Accordingly, Mr. Doak's accusation that Mr. McGee engaged in intentional wrongful**
21  **conduct, by allegedly editing and deleting photographs thereby tampering with evidence,**
22  **were false, unfounded, unprofessional and unsupported by any evidence.**

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

LAW OFFICES
Kimble. MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

5

Memorandum of Points and Authorities in Support of Motion for Monetary Sanctions and
Revocation of Defendant's Counsel's Pro Hac Vice Status As Sanction

## III.

## THE COURT HAS AUTHORITY TO SANCTION BOTH AGRI-SYSTEMS AND ITS ATTORNEY MR. JON DOAK . MOREOVER, MONETARY SANCTIONS ARE JUSTIFIED IN THE PRESENT CASE.

**A.     The Court Has a Duty to Supervise the Conduct or Attorneys Appearing Before It.**

This Court has a duty to supervise the conduct of attorneys appearing before it (*Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996), *Lokary v. Kayfetz*, 974 F.2d 1166, 1170 (9th Cir.), cert. denied, sub. nom., *Pacific Legal Foundation v. Kayfetz*, 508 U.S. 931, 113 S.Ct. 2397 (1993); *Trust Corp. of Montana v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir. 1983).) The Ninth Circuit Court of Appeals has observed.

> Whenever an allegation is made that an attorney has violated his moral and ethical responsibility, an important question of professional ethics is raised. It is the duty of the district court to examine the charge, since it is that court which is authorized to supervise the conduct of the members of its bar. The courts, as well as the bar, have a responsibility to maintain public confidence in the legal profession.

(*Gas A-Tron of Ariz. v. Union Oil Co.*, 534 F.2d 1322, 1324-1325 (9th Cir.), cert. denied sub nom. *Shell Oil Co. v Gas-A-Tron of Ariz*, 429 U.S. 861, 97 S.Ct. 164 (1976).)

The determination to sanction is subject to a court's sound discretion. (See *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996), *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir.), cert. denied, 489 U.S. 1096, 111 S.Ct. 986 (1991), *Erickson v. Newmar Corp.* 87 F.3d 298, 303 (9th Cir. 1996).) "For a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on."(*Cunningham v. County of Los Angeles*, 879 F.2d 481, 490 (9th Cir.) (internal quotations omitted), cert. denied, 493 U.S. 1035, 110 S.Ct. 757 (1990).)

**i.     Federal Rules of Civil Procedure, Rule 1**

Federal Rules of Civil Procedure, Rule 1, provides that the rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. **They shall be construed and**

///

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P.O. Box 9489
FRESNO, CA 93792-0489

6

Memorandum of Points and Authorities in Support of Motion for Monetary Sanctions and Revocation of Defendant's Counsel's Pro Hac Vice Status As Sanction

**administered to secure the just, speedy, and inexpensive determination of every action.**
(Emphasis added.)

> The 1993 Amendments to said rule states the following:

> The purpose of this revision, adding the words "and administered" to the second sentence, is to **recognize the affirmative duty of the court** to exercise the authority conferred by these rules to ensure that civil litigation is resolved not only fairly, but also **without undue cost or delay. As officers of the court, attorneys share this responsibility with the judge to whom the case is assigned.**

### ii.   Local Rules

Federal judges have broad powers to impose sanctions for abuses of process. (*Gas-A-Tron*, 534 F.2d at 1324-1325.) The sources of power to sanction include federal statutes and procedural rules, local rules, and a court's inherent power. For instance, this Court's Local Rule11-110 provides: "The failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

This Court's Local Rule 83-184(a) addresses attorney discipline and provides:

> In the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42 or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney. In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice.

Neither this Court's Local Rules nor the Federal Rules of Civil Procedure clearly define "other appropriate disciplinary action" for attorney conduct short of criminal contempt. Nonetheless, federal judges have an "arsenal of sanctions" to impose for unethical behavior and including monetary sanctions, contempt, dismissal and disqualification of counsel. (*Erickson*, 87 F.3d at 303.) The California Rules of Professional Conduct and the State Bar Rules of California may also provide appropriate sanctions. (See Local Rule 83-180(e) (adopting California Rule

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

7

1 | of Professional Conduct and applicable court decisions as standards of professional conduct in
2 | this district)).

3 | Under California law, an attorney may use only methods "as are consistent with truth,
4 | and **never seek to mislead the judge** or any judicial officer by an artifice or **false statement** of
5 | fact or law." (Cal. Bus. & Prof. Code, § 6068(d).) "In presenting a matter to a tribunal, a
6 | member: (A) Shall employ, for the purpose of maintaining the causes confided to the member
7 | such means only as are consistent with truth; (B) Shall not seek to mislead the judge, judicial
8 | officer, or jury by an artifice of false statement of fact or law." (Cal. Rules of Professional
9 | Conduct, Rule 5-2000.)

10 | **iii.    28 U.S.C § 1927**

11 | 28 U.S.C. § 1927 ("section 1927") addresses counsel's liability for excessive costs and
12 | provides. **"Any attorney or other person admitted to conduct cases in any court of the**
13 | **United States . .. who so multiplies the proceedings in any case unreasonably and**
14 | **vexatiously may be required by the court to satisfy personally the excess costs, expenses,**
15 | **and attorneys' fees reasonably incurred because of such conduct."** The decision to award
16 | section 1927 sanctions rests in a court's sound discretion. (*Wages*, 915 F.2d at 1235.)

17 | Section 1927 "applies only to unnecessary filings and tactics once a lawsuit has begun."
18 | (*In re Keegan Management Co. Sec. Litig.* (*Keegan Management Co. v. Moore*), 78 F.3d 431,
19 | 435 (9th Cir. 1995).) "Vexatious" is defined as "lacking justification and intended to harass."
20 | (*Overnight Transp. Co. v. Chicago Ind. Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983).)

21 | Section 1927 sanctions must be based on a finding that the sanctioned **attorney acted in**
22 | **subjective bad faith**. (*United States v. Blodgett*, 709 F.2d 608, 610 (9'h Cir. 1983), *New Alaska*
23 | *Development Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).) "Bad faith is present
24 | when an attorney **knowingly or recklessly raises a frivolous argument**, or argues a meritorious
25 | claim for the purpose of harassing an opponent." (*West Coast Theater Corp. v. City of Portland*,
26 | 897 F.2d 1519, 1528 (9th Cir. 1990) (citing *Cunningham v. County of Los Angeles*, 879 F.2d
27 | 481, 490 (9th Cir. 1988)); *New Alaska*, 869 F.2d at 1306; see *Keegan Management*, 78 F.3d at
28 | 436; *Salstrom v. Citicorp Credit Serv., Inc.*, 74 F.3d 183 (9th Cir.), cert. denied, sub nom.,

LAW OFFICES
Kimble. MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P.O. Box 9489
FRESNO, CA 93702-9489

8

Memorandum of Points and Authorities in Support of Motion for Monetary Sanctions and
Revocation of Defendant's Counsel's Pro Hac Vice Status As Sanction

1 | *Webb v. Citicorp Credit Serv. Inc.*, 117 S.Ct. 60 (1996), *MGICIdemnity v. Moore*, 952 F.2d 1120

2 | (9th Cir. 1991); *Toombs v. Leone*, 777 F.2d 465 (9th Cir. 1985) (court need not make express

3 | findings as to counsel's state of mind because record contained sufficient evidence to support

4 | decision); see also *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (9th Cir. 2001) ("under section 1927

5 | attorneys are obligated to avoid dilatory tactics throughout the entire litigation"); *Shafii v. British*

6 | *Airways, PLC*, 83 F.3d 566, 569 (2nd Cir. 1996) (sanction warranted if meritless actions lead to

7 | conclusion that they were undertaken for improper purposes, such as delay).)

8 | In *Blodgett*, 709 F.2d at 610-611, the Ninth Circuit Court of Appeals explained section

9 | 1927's limitations:

10 | Section 1927 only authorizes the taxing of excess costs arising from an attorney's
unreasonable and vexatious conduct; it does not authorize imposition of

11 | sanctions in excess of costs reasonably incurred because of such conduct.
Similarly, cases that have considered the district court's inherent power to

12 | sanction attorneys for litigating in bad faith have related such sanctions to the
amount of fees incurred by the opposing counsel, and have not based sanctions

13 | on increased costs experienced by the court.

14 | **iv.    Inherent Power**

15 | In addition, federal courts have inherent power to impose sanctions for attorney

16 | misconduct and such sanctions include an award of attorney's fees, **against attorneys and**

17 | **parties for "bad faith" conduct or "willful disobedience" of a court order**. (*Chambers v.*

18 | *NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991) (emphasis added); *Roadway*

19 | *Express, Inc. v. Piper*, 447 U.S. 752, 764-766, 100 S.Ct. 2455, 2463-2464 (1980); *In re Akros*

20 | *Installations, Inc.*, 834 F.2d 1526, 1532 (9th Cir. 1987), see *Republic of Philippines v.*

21 | *Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (3rd Cir. 1995).) **A district court is also inherently**

22 | **empowered to sanction for "willfulness or fault of the offending party."** (*Halaco Eng'g Co.*

23 | *v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988); *Unigard Sec. Ins. v. Lakewood Engineering & Mfg.*,

24 | 982 F.2d 363, 368, n. 2 (9'h Cir. 1992).) A district court has inherent power to "impose sanctions

25 | for discovery abuses that may not be a technical violation of the discovery rules." (*Halaco*, 843

26 | F.2d at 380, *Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1557-1558 (9th Cir.

27 | 1996).) However, recklessness "is an insufficient basis for sanctions under a court's inherent

28 | ///

LAW OFFICES
Kimble. MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P.O. Box 9489
FRESNO CA 93792-9489

9

Memorandum of Points and Authorities in Support of Motion for Monetary Sanctions and
Revocation of Defendant's Counsel's Pro Hac Vice Status As Sanction

1  power." (*Keegan Management*, 78 F.3d at 436). Sanctions imposed under a court's inherent
2  powers require a finding of bad faith. (*Chambers*, 501 U.S. at 55, 111 S.Ct. 2123.)

3       A court's inherent powers "are governed not by rule or statute but by the control
4  necessarily vested in courts to manage their own affairs so as to achieve the orderly and
5  expeditious disposition of cases." (*Chambers*, 501 U.S. at 43, 111 S.Ct. at 2132.) Such inherent
6  power "is not a broad reservoir of power, ready at an imperial hand, but a limited source, an
7  implied power squeezed from the need to make the court function." (*Chambers*, 501 U.S. at 42,
8  111 S.Ct at 2123).

9       **"Bad faith" means a party or counsel acted "vexatiously, wantonly or for**
10 **oppressive reasons."** (*Chambers*, 501 U.S. at 45-46, 111 S Ct. at 2133; see *Alyeska Pipeline*
11 *Service Co. v. Wilderness Society*, 421 U.S. 240, 258-259, 95 S.Ct. 1612, 1622 (1975)). Bad faith
12 "does not require that the legal and factual basis for the action prove totally frivolous; where a
13 litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a
14 colorable claim will not bar assessment of attorneys' fees." (*Mark Ind., Ltd. v. Sea Captain 's*
15 *Choice, Inc.*, 50 F.3d 730, 732 (9th Cir. 1995) (internal quotation marks and citations omitted)
16 Bad faith is tested objectively.) "[A] district court's finding of bad faith or the absence of bad
17 faith in a particular case is a factual determination and may be reversed only if it is clearly
18 erroneous." (*Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3rd Cir. 1986), see *Baker v. Cerberus,*
19 *Ltd.*, 764 F.2d 204, 210 (3rd Cir. 1985); *Perichak v. International Union of Elec. Radio*, 715
20 F.2d 78, 79 (3rd Cir. 1983).) There must be "some indication of an intentional advancement of a
21 baseless contention that is made for an ulterior purpose, e.g., harassment or delay." (*Ford*, 790
22 F.2d at 347.) When exercising inherent powers to sanction, a court must exercise discretion to
23 fashion an appropriate remedy. (*Erickson*, 87 F.3d at 303 (citing Chambers, 501 U.S. at 44-45).)
24 When exercising discretion under its inherent sanction powers, a court is guided by
25 considerations applicable to sanctions under the Federal Rules of Civil Procedure. Factors to
26 consider include:

27       1.     The nature and quality of the conduct at issue,

28       2.     As between attorney and client,   who is responsible for the culpable conduct;

LAW OFFICES
Kimble. MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9460
FRESNO, CA 93792-9460

10

Memorandum of Points and Authorities in Support of Motion for Monetary Sanctions and
Revocation of Defendant's Counsel's Pro Hac Vice Status As Sanction

3.   Whether there was a pattern of wrongdoing to require a stiffer sanction;

4.   The sanctioned party's ability to pay;

5.   Whether the wrongdoing actually prejudiced the wrongdoer's opponent or hindered the administration of justice; and

6.   The existence of mitigating factors.

(*Westinghouse*, 43 F.3d at 74.)

**v.     Prior Misconduct**

To evaluate the propriety of sanctions, a court looks **"at all incidents of the party's misconduct."** (*Adriana International Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990), see, e.g., *Kahaluu Construction Co.*, 857 F.2d 600, 601-602 (9th Cir. 1988).) **A court may consider prior misconduct to weigh a subsequent sanction motion.** (*Adriana International*, 913 F.2d at 1411; *Halaco Engineering*, 843 F.2d at 381, n. 2.) For instance, "[b]elated compliance with discovery orders does not preclude the imposition of sanctions." (*North American Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986)).

Agri-Systems has already been sanctioned several times for discovery abuses in this case, including more than $18,000 in sanctions which remain outstanding and unpaid as of this date. It is also instructive to note that the Montana Bankruptcy Court in the Agri-Systems bankruptcy (Mr. Doak's home court) recently stated the following regarding attorney Jon Doak, who had filed an Omnibus Objection to Claims:

> **The Court is shocked** that Debtor has raised an Objection to Proof of Claim No. 3 (Coast Grain's claim) in obvious disregard for the approved Stipulation (for Relief from Stay, Removal, Transfer and Consolidation of Adversary Proceedings and Action). **The Court will not tolerate such underhanded tactics** and the Court will not consider any objection to Proof of Claim No. 3 until there has been a final resolution of the Eastern District of California litigation. Further, the Court concludes, as provided in the analyses above, that **Debtor's counsel did not carefully examine the claims register, the proofs of claims, the addresses to which notices were to be sent**, and the docket entries in the case to determine which creditors withdrew their claims, leaving it to the Court to sort through and determine whether counsel properly performed his review and properly prepared Debtor's objection. **The Court admonishes Debtor's counsel to more adequately and completely perform his future services in this case or risk a reduction in reasonable fees that may be allowed by this Court.** (Emphasis added.) (See Req. Jud. Notice, Exh. A, p. 9.)

11

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
FRESNO, CA 93792-9489
P.O. Box 9489
FRESNO, CA 93792-9489

Memorandum of Points and Authorities in Support of Motion for Monetary Sanctions and
Revocation of Defendant's Counsel's Pro Hac Vice Status As Sanction

The imposition of monetary sanctions against AGRI-SYSTEMS and its counsel, Jon Doak, is just in the present case. As such, COAST GRAIN respectfully requests that the court order monetary sanctions against defendant AGRI-SYSTEMS **and its counsel, Jon Doak**, to reasonably and adequately compensate COAST GRAIN for the following expenses:

| | |
|---|---|
| (1) Fees and costs incurred by attorney Amanda J. Glenn: 15 hours at $140 per hour | $ 2,100.00 |
| (2) Fees and costs incurred by attorney Steven D. McGee: 10 hours at $300 per hour | $ 3,000.00 |
| (3) Fees of expert Digital Mountain, Inc. | $ 6,128.83 |
| (4) Fees charged by litigation support firm O'Connell & Associates | $ 6,005.00 |
| TOTAL | $17,233.83 |

Said expenses were reasonably and necessarily incurred as a result of Mr. Doak's false accusations against Steve McGee. It is requested that attorney Jon Doak and AGRI-SYSTEMS be ordered to pay, jointly and severally, sanctions to plaintiff in the amount of $17,233.83.

## IV.

## THE COURT SHOULD REVOKE ATTORNEY DOAK'S PRO HAC VICE STATUS AS SANCTION BECAUSE OF HIS UNETHICAL, UNLAWYERLIKE AND UNPROFESSIONAL CONDUCT.

In addition to monetary sanctions, Mr. Doak's pro hac vice status should be revoked.

**A.      Permission To A Nonresident Attorney To Appear Pro Hac Vice In A Case Pending Is Not A Right But A Privilege, Granting Of Which Is A Matter Of Grace, Resting In The Sound Discretion Of The Presiding Judge.**

Pursuant to United States District Court Eastern District of California, Local Rule 83-180 (b)(2), an attorney who is a member in good standing of, and eligible to practice before, the Bar of any U.S. court...may upon application and **in the discretion of the court**, be permitted to appear and participate in a particular case. (Emphasis added.) Admission for attorney to

12

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P.O. Box 9489
FRESNO, CA 03792-0489

1 | practice pro hac vice is privilege and not right. (*Cyphers v. Fuji Heavy Industries Co., Ltd.*, 32 F.
2 | Supp. 2d 1199, 1200.)

3 |      Permission to practice pro hac vice will be denied where an attorney has been found
4 | guilty of unlawyerlike conduct. In *Thomas v. Cassidy* an attorney at law firm appealed an order
5 | of the United States District Court for the Eastern District of Virginia which refused him
6 | permission to appear pro hac vice because he had been guilty of unlawyerlike conduct in
7 | connection with the case at which he wished to appear. (*Thomas v. Cassidy* (1957 C.A.4 Va.)
8 | 249 F.2d 91.) When upholding the lower court's decision -- to deny the attorney pro hac vice
9 | status – the Court of Appeals held that "permission to a nonresident attorney who has not been
10 | admitted to practice in a court to appear pro hac vice in a case pending is not a right but a
11 | privilege, granting of which is a **matter of grace resting in sound discretion of presiding**
12 | **judge**." (Emphasis added.) (*Id* at 92.)

13 |      The United States District Court, District of Columbia, held in *In re Belli* that an
14 | **attorney's derogatory remarks** concerning a district court judge, made on a nationwide T.V.
15 | show and **without factual foundation and recklessly made**, were so impermissible as to
16 | warrant denial of motion to be admitted to bar of such court pro hac vice. (Emphasis added.) (*In*
17 | *re Belli* (DC Dist. Col 1974) 371 F.Supp. 111.)

18 |      Moreover, the United States District Court of New Jersey, held that an attorney's pattern
19 | of uncivilized behavior in past actions, including misconduct resulting in mistrials **as well as**
20 | **belligerent conduct toward opposing counsel**, warranted denial of attorney's application for
21 | pro hac vice admission to federal district court, even though attorney was member in good
22 | standing of foreign state's bar. (Emphasis added ) (*Kohlmayer v. National R.R. Passenger Corp.*
23 | (D.N.J. 2000) 124 F.Supp. 2d 877.)

24 | **B.**  **Mr. Doak Is Subject To Jurisdiction Of California Courts With Respect To Law**
25 |     **Governing Conduct Of Attorneys And Subject To Disciplinary Jurisdiction Of State**
    **Bar With Respect To Any Acts Occurring During Course Of His Appearance.**

26 |

27 |      Because Mr. Doak has been admitted pro hac vice, he has submitted to the discipline of
28 | this Court with respect to the conduct of this case, and is subject to the standards of

LAW OFFICES
Kimble. MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
FRESNO, CA 93704
P.O. Box 9489
FRESNO, CA 93792-9489

13

1 professional conduct set forth in local court rules. (*In re Mortgage & Realty Trust*, 195 B.R. 740

2 (Bankr. C.D. Cal. 1996).)  Moreover, California Rules of Court, Rule 983 states that person who

3 has been permitted to appear pro hac vice is subject to jurisdiction of California courts with

4 respect to law governing conduct of attorneys and subject to disciplinary jurisdiction of state bar

5 with respect to any acts occurring during course of his appearance.

6        United States District Court Eastern District of California, Local Rule 83-180 (e), states

7 that every member of the bar of the Court, and any attorney permitted to practice under

8 subsection (b) [pro hac vice], **shall**...comply with the standards of professional conduct required

9 of members of the State Bar of California and contained in the State Bar Act, the Rules of

10 Professional Conduct of the State Bar of California and decisions of any Court applicable

11 thereto.  No attorney admitted to practice before the Court shall engage in any conduct that

12 degrades or impugns the integrity of the Court or in any manner interferes with the

13 administration or justice. (Clarification and emphasis added.)

14        Mr. Doak's statements (that Mr. McGee is a liar and that he tampered with evidence)

15 made during the course of the discovery hearing on January 31, 2006, were unethical and

16 unprofessional and represented an independent breach of the (implied) agreement between him

17 and the Court that he conduct himself in a manner befitting an attorney.

18 **C.**    **Revocation of Mr. Doak's Pro Hac Vice Status As Sanction Is Appropriate And**

19       **Justified.**

20        After pro hac vice admission is granted, the permission can be revoked if the nonresident

21 attorney engages in professional misconduct.  The Court can properly withdraw Mr. Doak's

22 permission to practice pro hac vice because of his false allegations and his unprofessional

23 conduct.

24        In *Pollitt v. General Motors Corp.*, the trail court properly withdrew permission for

25 plaintiff's counsel to practice pro hac vice since the court found that plaintiff's motion was

26 unfounded, and that minimal investigation would have uncovered the falsity of allegations.

27 (*Pollitt v. General Motors Corp.* 894 F.2d 858 (1990, C.A.6 Ohio).)  Admission pro hac vice is a

28 ///

LAW OFFICES
Kimble. MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P.O. Box 9489
FRESNO, CA 93792-9489

14

1  privilege, and as such, privilege may be revoked as sanction for unethical behavior. (*In re*

2  *Complaint of PMD Enterprises Inc.*, (D.N.J. 2002) 215 F. Supp. 2d 519.)

3  Moreover, after granting out-of-state attorney privilege to appear as counsel for defendant

4  in products liability action a Florida circuit court revoked pro hac vice status, based on conduct

5  of attorney during deposition. (*State Industries, Inc. v. Jernigan*, 751 So.2d 680 (Fla.App. 5

6  Dist.,2000).) The Defendant petitioned for writ of certiorari. The Florida District Court of

7  Appeal held that **trial court did not abuse its discretion by revoking pro hac vice status after**

8  **attorney called opposing counsel a liar, and emphasized that reference was "on the**

9  **record."** (*Id* at 682.) The court stated:

10  "It is not necessary that in order to revoke pro hac vice credentials that a trial
   judge find that the conduct in question amounted to an ethical violation under the

11  Florida Rules of Professional Conduct. Nor must the court await conduct that
   would require a mistrial or justify a reversal on appeal in order to act. **A trial**

12  **court may revoke the status of pro hac vice whenever it appears that**
   **counsel's conduct during any stage of the proceeding, including the taking of**

13  **depositions, adversely impacts the administration of justice.**" (Emphasis
   added.) (*Id* at 682.)

14

15  In the *State Industries, Inc. v. Jernigan* case counsel was called a liar "on the record"

16  during a deposition of an expert witness. In the present case, Mr. McGee was called a liar on the

17  record and accused of tampering with evidence. Mr. Doak's statements were false, unfounded,

18  unprofessional and unsupported by any evidence. It also it also adversely impacted the

19  administration of justice and degraded and impugned the integrity of Mr. McGee. As such,

20  COAST GRAIN respectfully requests that the Court revoke Mr. Jon Doak's pro hac vice status

21  as sanction for the following reasons. (1) engaging in unethical behavior, (2) multiplying the

22  proceedings in the above entitled case unreasonably and vexatiously in violation of 28 USC §

23  1977; and (3) other unlawyerlike abuses described above.

24  **V.**

25  **CONDUCT OF MARK PARKER SHOULD ALSO BE ADMONISHED**

26  Lastly, as mentioned above, Mr. Mark D. Parker was recently admitted pro hac vice in

27  the above matter as co-counsel for AGRI-SYSTEMS. In this regard, it is significant to note that,

28  in AGRI-SYSTEMS' opposition to COAST GRAIN'S motion for protective order, filed on

LAW OFFICES
Kimble. MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P.O. Box 9489
FRESNO, CA 93792-9489

15

1  March 7, 2006, referring to attorney Doak's statements during the January 31, 2006, hearing, Mr.

2  Parker states the following:

> 3  "Clearly, **it would have been better for Mr. Doak to dodge the Court's**
> **questions** in this score and not divulge his innermost thoughts as to how the
> 4  photographs came up missing. **Most attorneys**, no matter how heartfelt their
> suspicions and voluminous the facts are which support said suspicions, **would not**
> 5  **(even when ordered by a Court) be honest** with their innermost thoughts and
> suspicions but keep their thoughts to themselves and **engage in a bit of white**
> 6  **lying or evade the question**." (Emphasis added.) (See Opposition, Docket No.
> 273, pg 5, l. 25. p. 6, l. 1-5.)
> 7

8      As can be seen, it is clear that Mr. Parker gives little thought to providing misleading and

9  evasive responses while under oath. In fact, Mr. Parker's suggestion is that when confronted

10  with a question by the Court, it is best that an attorney either: (1) "dodge" and "evade the

11  question", or (2) "engage in a bit of white lying." This is in direct contravention to.

12          • California Business and Professional Code section 6068(d) which provides

13              that an attorney may use only methods "as are consistent with truth, and **never**

14              **seek to mislead the judge** or any judicial officer by an artifice or **false**

15              **statement** of fact or law." (Emphasis added.);

16          • California Rules of Professional Conduct, Rule 5-2000 which provides that

17              when "presenting a matter to a tribunal, a member. (A) Shall employ, for the

18              purpose of maintaining the causes confided to the member such **means only**

19              **as are consistent with truth**; (B) **Shall not seek to mislead the judge**,

20              judicial officer, or jury by an artifice of false statement of fact or law."

21              (Emphasis added.); and

22          • United States District Court Eastern District of California, Local Rule 83-180

23              (e), which states among other things that "no attorney admitted to practice

24              before the Court shall engage in any conduct that degrades or impugns the

25              integrity of the Court or in any manner interferes with the administration or

26              justice."

27  ///

28  ///

LAW OFFICES
Kimble. MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO. CA 93792-9489

16

Memorandum of Points and Authorities in Support of Motion for Monetary Sanctions and
Revocation of Defendant's Counsel's Pro Hac Vice Status As Sanction

1  Accordingly, the Court may also wish to consider admonishing Mr. Parker and reiterate

2  that said tactics are unethical and unprofessional and would represent an independent breach of

3  the (implied) agreement between him and the Court that he conduct himself in a manner befitting

4  an attorney.

5  **VI.**

6  **CONCLUSION**

7  Plaintiff respectfully requests that this Court grant its motion for monetary sanctions in

8  the amount of $17,233.83 against defendant AGRI-SYSTEMS **and its counsel Mr. Jon Doak**.

9  Plaintiff further requests that attorney Jon Doak's pro hac vice admission be revoked.

10  Dated: March 15, 2006.

11  KIMBLE, MacMICHAEL & UPTON
    A Professional Corporation

12

13  By: _____

14  AMANDA J. GLENN
    Attorneys for Plaintiff

15  GREG BRAUN ,Plan Agent
    for COAST GRAIN COMPANY

16

17

18

19

20

21

22

23

24

25

26

27  1000702 102 246 p&as10306 2

28

LAW OFFICES
Kimble. MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO CA 93792-9489

17

Memorandum of Points and Authorities in Support of Motion for Monetary Sanctions and
Revocation of Defendant's Counsel's Pro Hac Vice Status As Sanction