IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG BRAUN,<br><br>    Plaintiff,<br><br>    vs.<br><br>AGRI-SYSTEMS,<br><br>    Defendant.<br>_____ / | CASE NO. CV-F-02-6482 AWI LJO<br><br>**ORDER FOR REIMBURSEMENT OF EXPERT FEES RE ALLEGATION OF EVIDENCE TAMPERING** |

By notice on March 15, 2006, Plaintiff Greg Braun sought monetary sanctions against defendant Agri-Systems and its counsel Jon Doak and termination of Mr. Doak's pro hac vice status for false accusation that counsel Steven McGee tampered with evidence. By order on May 1, 2006, this Court denied the request to revoke Mr. Doak's pro hac vice status, but awarded monetary reimbursement sanctions against Jon Doak in the amount of $1,800. In addition, this Court found that reasonable sanctions should include those for retention of the Digital Mountain computer expert. Plaintiff requested $6,128.83 for the expert's time. The Court then directed that supplemental evidence be submitted to establish this expense. By declaration filed on May 4, 2006, plaintiff directed the Court's attention to the appropriate evidence. In its order of May 1, 2006, the Court set forth the legal standards for which the sanctions request would be evaluated. Accordingly, having considered the evidence, the Court orders as follows.

Plaintiff seeks reimbursement of fees charged by his computer expert, Kevin Fagalde, for $6,128.83. In Mr. Fagalde's declaration filed on March 14, 2006 (Doc. 283), he states is the Director of Computer Forensics for Digital Mountain and has twelve (12) years of experience doing forensic

computer examinations. He also states he is certified by the FBI computer response team. Before Digital Mountain, Mr. Fagalde was with the San Jose Police Department for 25 years where he was on the high technology crime investigations unit, among other units. The Court finds that Mr. Fagalde is qualified for the scope of the work performed. Moreover, the Court has not received an objection to his qualifications. Attached as Exhibit A to Doc. 321 (Decl. Of Amanda Glenn) is the invoice from Mr. Fagalde, Digital Mountain, for the work performed. This invoice was also attached as Exhibit A to the Daniel O'Connell declaration filed on March 15, 2006.

The work listed in the invoice is described in Mr. Fagalde's declaration and was necessary to show that the disc(s) had not been altered. Plaintiff, however, has not fully carried his burden as to the reasonable hourly rate charged by the expert or as to one person listed on the invoice who performed work. First, the claimed hourly rate is $300 per hour. There is no discussion or evidence of the reasonableness of this rate. Next, a person listed as "B. Borsari" performed eight (8) hours of comparative index work and six (6) hours of visual comparison at $300/hr. The qualifications of B. Borsari are not provided. In total "B. Borsari" charged 14 hours at $300/hour for a total of $4,200.

Accordingly, the Court finds that a reasonable hourly rate for a person of Mr. Fagalde's experience in this local community is $200 per hour. A reasonable hourly rate for a computer technical assistant is $100 per hour. The Court finds as follows:

    K.Fagalde - 9 hours at $200/hr is  $1,800

    B. Borasri - 14 hours at $100/hr is $1,400

                    Total      $3,200.

Therefore, the Court GRANTS plaintiff's request for reimbursement of expert witness fees against Jon Doak in the amount of $3,200. As a result of this award and the Court's prior sanction award, the total sanction award against Jon Doak is $5,000 ($1,800 for reimbursement of attorneys fees as awarded in this Court's May 1, 2006 order (Doc. 320) and $3,200 as stated in this order.)

IT IS SO ORDERED.

**Dated:   May 9, 2006**              **/s/ Lawrence J. O'Neill**
b9ed48                                UNITED STATES MAGISTRATE JUDGE